12-2646-cv
Pignone v. Village of Pelham Manor, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         PETER W. HALL,
                  *Circuit Judges.*
         RICHARD W. GOLDBERG,
                  *Judge.*[*]

_____

CHRISTOPHER PIGNONE,

                  *Defendant-Appellant,*

        -v.-                                No. 12-2646-cv

VILLAGE OF PELHAM MANOR and JOHN PIERPONT,

                  *Defendants-Appellees.*

_____

FOR APPELLANT:    Constantino Fragale, Eastchester, NY

FOR APPELLEES:    Michael T. Regan, Cascone & Kluepfel,
                  LLP, Garden City, NY

---

[*] The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order is **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART.**

Plaintiff-appellant Christopher Pignone appeals from a June 15, 2012 judgment entered by the United States District Court for the Southern District of New York (McMahon, *J.*) following the court's dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Pignone v. Vill. of Pelham Manor*, No. 10-CV-2589, 2012 WL 2317414 (S.D.N.Y. June 15, 2012). We assume the parties' familiarity with the facts and history of the case.

The procedural posture of this case is extremely odd. Although the defendants admittedly (and, as the district court stated, "bizarrely") cited Rule 12(b)(6) in their motion for summary judgment, we are troubled by the use of this rule to dismiss a case after the filing of responsive pleadings and the passage of more than a year of discovery proceedings.[1] It is unclear why defendants' counsel chose

---

[1]Although a court is entitled, with notice to the parties, to convert a motion to dismiss to a motion for summary judgment where "matters outside the pleadings are presented," *see Friedl v. City of New York*, 210 F.3d 79, 83

to style their motion in this way, as the parties provided exhibits from the discovery proceedings and utilized them in their arguments.  Indeed, Pignone's reply brief on appeal cites deposition testimony that appears to be evidence from which a district court could make a summary judgment determination on the sexual harassment claim.  However, the district court hewed to the characterization of the motion as one under Rule 12(b)(6) and did not consider the exhibits.

Nonetheless, in his opening brief, Pignone's counsel failed to raise the district court's decision to honor the defendant's characterization (or mis-characterization) of its motion as error.  This case thus presents a "perfect storm" of an obvious error of counsel that, according to our jurisprudence, would allow us in our discretion to ignore potentially winning arguments (in the context of this appeal).  *See Arrowood Indem. Co. v. King*, 699 F.3d 735, 742 (2d Cir. 2012).  In our view, we can best resolve the issue in this instance by looking past the waiver to the merits of plaintiff's claims, despite the transgressions of counsel. We think it appropriate to remand this matter, subject to

(2d Cir. 2000), we see no basis for the court in this case choosing to go the other way.

3

the discussion below, for the district court to consider not the adequacy of plaintiff's complaint but rather his claims in the context of summary judgment.

That said, the district court was correct that *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), bars class-of-one equal protection claims by public employees. Thus to the extent that Pignone's complaint raises a class-of-one equal protection claim, we affirm the dismissal of that claim.[2] However, Pignone correctly argues that this did not account for his sexual harassment claim. There is nothing in *Engquist* or this court's subsequent case law that indicates an intent to overrule the proposition that a plaintiff may assert "a Section 1983 claim against a public official for improper sexual conduct toward an employee that created a hostile work environment." *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 143-44 (2d Cir. 1993). The district court's decision does not address this claim.

---

[2]We note also that Pignone's complaint does not appear to include an allegation that "the municipality has a policy that cause[d the alleged constitutional] violations." *See Vives v. City of New York*, 524 F.3d 346, 350 (2d Cir. 2008) (citing *Owen v. City of Independence*, 445 U.S. 622, 657 (1980)). Unless something in the record before the district court indicates otherwise, judgment in favor of the Village will likely be appropriate on this basis.

For these reasons, we affirm the district court's dismissal of Pignone's class-of-one equal protection claim but vacate the district court's dismissal of Pignone's entire complaint and remand so that the court may deal with Pignone's sexual harassment claim as limited by this decision. The district court may order whatever proceedings it finds appropriate that are consistent with this order. The judgment of the district court is accordingly **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART.**

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk